# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
March 17, 2016

v

No. 324889
Oakland Circuit Court
LC No. 2012-243160-FH

CEDRIC JAMES SIMPSON,

      Defendant-Appellant.

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*)

I agree with the majority regarding defendant's SORA[1] registration.

I respectfully dissent as to the assessment of stand-by attorney fees in this case. Defendant was initially represented by appointed counsel. He pleaded guilty and was sentenced to serve 4 to 20 years consecutive to another sentence imposed in a different county in a different case. Due to errors in the original proceeding, we reversed the judgment and remanded.[2] On remand, defendant elected to represent himself, and the trial court sua sponte appointed stand-by counsel. After various proceedings, defendant again pleaded guilty and was sentenced to a term of 4 to 10 years, concurrent to his other sentence.

While the trial court acted properly and prudently in appointing stand-by counsel, and while defendant may have benefited from that appointment, I do not believe that there is a basis in law to require him to reimburse the county for those services. The prosecution cites no caselaw in support of its position.

Stand-by counsel does not represent the defendant. Instead stand-by counsel's role in providing assistance is often to serve the needs of the court by assuring that the defendant's lack of knowledge of courtroom procedure does not interfere with the process or result in technical error. As the United States Supreme Court held in *McKaskle v Wiggins*, 465 US 168, 183; 104 S Ct 944; 79 L Ed 2d 122 (1984), the role of stand-by counsel is to assist the defendant "in

---

[1] Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*

[2] *People v Simpson*, unpublished opinion per curiam of the Court of Appeals, issued January 31, 2012 (Docket No. 299308).

overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete[,]" and "to ensure the defendant's compliance with basic rules of courtroom protocol and procedure." These functions are as much for the benefit of the court as they are for the defendant. Indeed, "the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury[,]" and stand-by counsel may not "make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance." *Id.* at 178 (emphasis in original).

There are circumstances when a pro per defendant effectively turns the proceedings over to stand-by counsel. In such cases, i.e. where the trial court finds that the defendant has effectively abandoned his claim to represent himself, it would be proper to require the defendant to reimburse the county for those services. However, that was not the case here.[3]

/s/ Douglas B. Shapiro

---

[3] While not legally relevant to the question before us, it is worth noting that defendant owes the county over $2,000 for the services of his previous attorneys despite the fact that due to trial court and attorney error, those services resulted in nothing more than the case returning to its starting point.